960 F.2d 143
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Enrique GOMEZ-FRAU, et al., Plaintiffs, Appellants,
v.
Adrian H. Acevedo CRUZ, et al., Defendants, Appellees.
 No. 91-2142.
 United States Court of Appeals, First Circuit.
 April 28, 1992
 
 Antonio Filagardi-Guzman for appellants.
 Francisco Aponte Perez for appellees Acevedo-Cruz et als.
 Carlos Lugo Fiol, Assistant Solicitor General, with whom Anabelle Rodriguez, Solicitor General, and Reina Colon de Rodriguez, Deputy Solicitor General, were on brief for appellee, Municipality of Las Marias.
 Before Selya, Circuit Judge, Feinberg,* Senior Circuit Judge, and Cyr, Circuit Judge.
 
 PER CURIAM
 
 1
 Plaintiffs Enrique Gomez-Frau, et al., appeal from a judgment in the United States District Court for the District of Puerto Rico, Gilberto Gierbolini, J., granting a Rule 12(b)(6) motion to dismiss their complaint against the municipality of Las Marias, the mayor of Las Marias and various other municipal defendants.
 
 
 2
 According to the complaint, which was filed in October 1989: Plaintiffs have an ownership interest in two parcels of land located within the municipality of Las Marias, in the Commonwealth of Puerto Rico. The municipality has conditional title to a "two 'cuerdas' (less than two acres) parcel of land" segregated by fences from that belonging to plaintiffs. On an unspecified date, acting under color of authority as municipal executive, the mayor of Las Marias, defendant Adrian H. Acevedo-Cruz, removed the existing fences and invaded and trespassed onto plaintiffs' property, causing destruction to the property as well as to hydraulic installations vital to the operation of plaintiffs' coffee farm plant and machinery. The other named defendants, in their roles as members of the municipal assembly, by action or omission allowed the mayor to conduct himself in the manner described. Plaintiffs also named as defendants in the action the unknown insurer of the municipality, the unknown construction company that destroyed plaintiffs' property at the mayor's behest and the construction company's unknown insurer. In an opinion and order dated September 13, 1991, the district court held that plaintiffs failed to state a cause of action under 42 U.S.C. § 1983 and dismissed the complaint. This appeal followed.
 
 
 3
 As the district court recognized, one of plaintiffs' claims was for "a temporary governmental taking of their property." The Fifth Amendment, as incorporated into the Fourteenth Amendment, prohibits the government from taking private property for public use without affording the original owner just compensation. U.S. Const. amend. V, amend. XIV. In Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172 (1985), the Supreme Court explained that pursuing a federal damage remedy for an alleged taking before resorting to state law remedies is premature: "The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." 473 U.S. at 194. This circuit has similarly recognized that "exhaustion of state law remedies-whatever form they may take-is a precondition to the maintenance of a federal damages action under the Takings Clause...." Ochoa Realty Corp. v. Faria, 815 F.2d 812, 817 (1st Cir. 1987); see also Culebras Enterprises Corp. v. Rivera Rios, 813 F.2d 506, 515 (1st Cir. 1987). Only after resort to state proceedings fails to yield just compensation does the plaintiff have a federal claim against the government for a taking. See Williamson, 473 U.S. at 194-95.
 
 
 4
 Appellants conceded at oral argument that they have not filed a complaint in the Puerto Rico courts under the provisions of the Puerto Rico Code of Civil Procedure, P.R. Laws Ann. tit. 32, § 3077, which provides a remedy for government takings of private property. Although plaintiffs claimed at oral argument that they could not recover under this statute, it is not apparent to us why this should be so. We therefore find that the federal takings claim is not ripe until such time as appellants have tried and failed to recover just compensation under the laws of Puerto Rico.
 
 
 5
 Appellants also claim that the facts alleged in their complaint constitute a deprivation of property without due process under the Fourteenth Amendment. In Parratt v. Taylor, 451 U.S. 527 (1981), overruled in other respects by Daniels v. Williams, 474 U.S. 327 (1986), the Supreme Court held that the random and unauthorized actions of state agents do not give rise to a claim under § 1983 for a deprivation of property without due process, unless the state fails to provide an adequate post-deprivation remedy. Furthermore, the Court continued, for the post-deprivation state remedy to be adequate, it need not provide a plaintiff with all the relief provided under § 1983. 451 U.S. at 544. The Court later extended this doctrine to cover intentional as well as negligent state action in Hudson v. Palmer, 468 U.S. 517 (1984). Thus, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." 468 U.S. at 533.
 
 
 6
 Appellants asserted at oral argument that Hudson has been overruled by Zinermon v. Burch, 494 U.S. 113 (1990), and that intentional deprivations are therefore actionable under § 1983 even where adequate post-deprivation remedies exist. This assertion results from a misguided reading of Zinermon. The Supreme Court there held that a plaintiff stated a § 1983 claim where the plaintiff alleged that he had been confined to a mental hospital for five months without having given a valid informed consent and without being provided an involuntary placement hearing. The Court reasoned that it was foreseeable that persons requesting treatment might be incapable of informed consent and that state officials with the power to admit patients might take a person's apparent willingness to be committed at face value. Therefore, the alleged deprivation of liberty without due process was not random and unauthorized nor were post-deprivation safeguards constitutionally adequate. 494 U.S. at 136, 138. Zinermon is therefore distinguishable from both Hudson and the case at hand and does not control the outcome of either.
 
 
 7
 The district court, citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435 (1982), stated in its September 1991 opinion that the alleged deprivation of property in this case involved a "random and unauthorized act." Appellants have not disputed, in either their brief or oral argument, this characterization of appellees' conduct but have focused instead on whether it was intentional or merely negligent. Therefore, we see no persuasive reason to question the district court's characterization on appeal. Because, as we discussed above, Puerto Rico law on its face appears to provide an adequate post-deprivation remedy for the random and unauthorized acts alleged by appellants, this case falls squarely within the Parratt/Hudson line of cases and must be dismissed for failure to state a claim under the Due Process Clause of the Fourteenth Amendment.
 
 
 8
 Finally, appellants claim that, in any event, "a sizable number" of defendants had defaults entered against them and should not receive the benefits of a Rule 12(b)(6) dismissal. On this issue, we are not sure of what transpired in the district court. After plaintiffs filed their complaint in October 1989, apparently most of the defendants moved in February 1990 to dismiss the complaint on res judicata grounds, claiming that the issue had already been decided against plaintiffs in the Puerto Rico courts. Although defaults had been entered against most of the defendants, the district court appeared to consider the merits of the motion filed on behalf of all defendants. In an opinion dated January 31, 1991, the district judge held that plaintiffs were not barred by res judicata and called for briefs from all the parties on "why plaintiffs' claim should not be dismissed for failure to avail themselves of the remedy under Puerto Rico law for condemnation cases by government officials acting under color of law." In the same opinion, the judge also set aside the defaults entered against the municipality and Carlos Valentin Montalvo, a municipal assemblyman. In April 1991, plaintiffs moved for summary judgment against "all defaulted defendants," excluding the two just mentioned. Apparently that motion has not been acted upon by the district court, although in its September 1991 opinion, as already mentioned, the district court dismissed the complaint under Rule 12(b)(6). We are not sure whether the district judge has specifically considered the effect of the dismissal upon those defendants against whom defaults have been entered. Cf. United States v. V & E Engineering & Constr. Co., Inc., 819 F.2d 331, 336-37 (1st Cir. 1987) (noting doctrine that in some circumstances a defaulting party may not be liable on a complaint that is "insufficient to support the judgment") (citations omitted). Nor are we sure whether the district judge set aside, directly or implicitly, any defaults other than the two referred to in his January 1991 opinion, and if he did, upon what theory. On this aspect of the case, therefore, we believe a remand is required for clarification or further action, and we specifically note that we express no view on the merits.
 
 
 9
 Judgment affirmed with regard to those defendants who have not defaulted or whose defaults have been set aside. Case remanded with respect to the other defandants for further proceedings in accordance with this opinion. No costs.
 
 
 
 *Of the Second Circuit, sitting by designation.